## Case No. 3,283.

### The COURIER.

[1 Adm. Rec. 287.]

Superior Court, S. D. Florida. Feb. 27, 1836.

#### SALVAGE—COMPENSATION.

[1. Standing by a vessel in such a perilous position as to excite apprehension for her safety, and relieving her of a part of her cargo, is a salvage service, although the assistance rendered might not have been actually necessary.]

[2. Such a service should be compensated because the presence of the salving vessel stimulated those on board the one in danger to exert themselves to preserve the vessel and cargo, and prevented the attention of the crew from becoming distracted from such preservation by fears of their personal safety.]

[3. The vessel and cargo being worth upwards of $38,000, the salvors should be allowed the sum of a little over 6 per cent. of the value of the property relieved.]

[Cited in The Philah, Case No. 11,091a; Pent v. The Ocean Belle, Id. 10,961.]

[In admiralty. Libel by Latham Fitch against the French brig Courier de Vera Cruz and cargo for salvage service.]

A. Gordon, for libellant.

Wm. R. Hackley, for respondent.

WEBB, Judge. This is a libel filed for the recovery of compensation in the nature of salvage for services rendered the French brig La Courier de Vera Cruz, while stranded on the Florida reef. The facts in connection with the transaction are variously stated by the different parties, and the merit of the services rendered seems to be variously estimated by them. One fact, however, is rendered certain; and that is that the brig, laden with a valuable cargo, was ashore on a rocky bottom, and in a condition to excite considerable apprehension on the part of her master and those interested in her preservation. The most valuable portion of her cargo, was taken out and transferred to the vessel of the libellant, and afterwards, by using proper exertions, she was hauled off the rocks, and brought to this port.

On the part of the respondent, it is urged that, had no assistance been afforded them, the crew of the brig, by throwing overboard about twenty tons of logwood, could have relieved her, and saved all the residue of her lading. This may be true, and yet, under a different condition of weather from that which prevailed at the time, or had there been a mistake in this expectation, the vessel and her cargo, without assistance, might have been wholly lost. The services may therefore have been highly important to its preservation. They are not, however, of that character which is imputed to them by the libellant. Still, the fact of their having assistance at hand was, of itself, even though no actual services had been rendered, of much importance. It tended to excite the energies of those who were placed in difficulty, and to stimulate them in the use of those exertions which were essential to the preservation of the property, instead of distracting the attention of the crew by an inquiry into the reasons of personal safety.

The brig and cargo are estimated to be worth upwards of thirty-eight thousand dollars, the whole of which was involved in difficulty and peril, and have been relieved from that difficulty and danger by the aid of the libellant, and for which the court conceives he is entitled to a liberal reward. Two thousand five hundred dollars will be but little over six per centum upon the value of the property relieved, and will not, in the opinion of this court, be more than a fair compensation for the service rendered. Wherefore, it is considered, adjudged, and decreed by the court that the marshal pay into the registry, out of the money levied on in this case, the sum of two thousand five hundred dollars, and a sufficient sum to pay the costs of this suit, and that he then restore the said brig and the residue of her cargo to Mr. Juan Baptiste Dolhaborth, the master, for and on account of all concerned and interested therein. And it is further ordered and decreed that the clerk of this court pay over the said sum of two thousand five hundred dollars to the libellant, in full for the services rendered in this case, and the costs to the parties entitled to the same.